# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-10572

---

IN THE MATTER OF WITH PURPOSE, INCORPORATED,

*Debtor*,

JAMES N. AYERS; THE J. NICHOLAS AYERS 2021 IRREVOCABLE
TRUST; AYERS FAMILY HOLDINGS, L.L.C.,

*Appellants*,

*versus*

TOBY NEUGEBAUER,

*Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-2250

---

United States Court of Appeals
Fifth Circuit
**FILED**
July 16, 2026
Lyle W. Cayce
Clerk

Before ELROD, *Chief Judge*, and SMITH and WILSON, *Circuit Judges*.
JENNIFER WALKER ELROD, *Chief Judge*:

This appeal arises out of the Chapter 7 bankruptcy of With Purpose, Inc., formerly doing business as GloriFi, a financial technology start-up. Toby Neugebauer, a co-founder of GloriFi, and the Ayers parties, one of whom was a co-founder of GloriFi and the others of which were early investors in GloriFi, have engaged in several disputes related to the collapse

No. 25-10572

of the company.  *See In re With Purpose, Inc.*, No. 23-30246-MVL7, 2025 WL 271469, at *3 and n.1–2 (Bankr. N.D. Tex. Jan. 22, 2025) (discussing Delaware and Georgia litigation involving these parties).  One such dispute was an arbitration that began prior to the bankruptcy, in which the Ayers parties doggedly pursued a deposition of Neugebauer that extended past With Purpose, Inc.'s Chapter 7 filing date.

In this appeal, we consider whether the Ayers parties' pursuit of Neugebauer's deposition in that arbitration beyond the Chapter 7 filing date violated the automatic stay triggered by the bankruptcy filing.  The parties dispute whether Neugebauer has prudential standing to pursue this claim against the Ayers parties, whether the Ayers parties willfully violated the automatic stay, and whether the bankruptcy court erred in the amount of damages it imposed for this violation.  As the bankruptcy court and district court did not err on any of these questions, we AFFIRM.

I

Prior to its bankruptcy, With Purpose, Inc. filed claims against the Ayers parties in arbitration.  The Ayers parties filed counterclaims against both With Purpose, Inc., and Neugebauer.  When With Purpose, Inc. filed for Chapter 7 bankruptcy in February 2023, the Ayers parties stopped pursuing their counterclaims against the debtor, consistent with the automatic stay, but continued to pursue the claims against Neugebauer, taking the position that the automatic stay did not affect those claims.

Over the next several months, the Ayers parties sought a deposition of Neugebauer.  Neugebauer failed to appear for two depositions noticed for late February and mid-March 2023—the second time over the orders of the arbitrator.  The Ayers parties then filed supplemental claims against Neugebauer on May 1, 2023, in advance of the third re-noticed deposition on

2

May 3. Neugebauer once again refused to appear, despite a threat of sanctions, and the arbitrator issued monetary sanctions.

The arbitrator ordered a new deposition, but Neugebauer moved in the bankruptcy court to enforce the automatic stay. The bankruptcy court stayed the fourth-noticed deposition and ordered a further hearing on the actions of the Ayers parties in the arbitration. In July 2023, before the hearing, the Ayers parties and the debtor came to an agreement regarding the arbitration claims that affected the bankruptcy estate, and the Ayers parties dropped those claims, including a fiduciary-duty claim against Neugebauer. A fraudulent-inducement claim filed before the bankruptcy and the May 1 supplemental claims against Neugebauer all remained live in the arbitration after that agreement.

The bankruptcy court determined that the Ayers parties had willfully violated the automatic stay by attempting to depose Neugebauer and awarded Neugebauer actual damages. It held that Neugebauer could enforce the automatic stay based on this court's opinion in *St. Paul Fire & Marine Insurance Co. v. Labuzan*, 579 F.3d 533 (5th Cir. 2009), but, in the alternative, held that the damages were appropriate pursuant to Section 105 of the Bankruptcy Code and the bankruptcy court's inherent contempt powers, 11 U.S.C. § 105(a). The district court affirmed. On appeal, the Ayers parties contend that Neugebauer lacked prudential standing to enforce the stay, that they did not willfully violate the stay, and that the bankruptcy court erred in its award of attorney's fees.

II

We apply "the same standard of review to the bankruptcy court's conclusions of law and findings of fact that the district court applied." *Elbar Invs., Inc. v. Prins (In re Okedokun)*, 968 F.3d 378, 386 (5th Cir. 2020) (quoting *Lejeune v. JFK Cap. Holdings (In re JFK Cap. Holdings, LLC)*, 880 F.3d 747,

No. 25-10572

751 (5th Cir. 2018)).  In this case, that requires *de novo* review for questions of law and mixed questions of law and fact and clear error review for questions of fact.  *Id.*

III

A

We first consider whether Neugebauer has standing to pursue his claim for alleged violation of the automatic stay and/or to recover damages under the Bankruptcy Code.  The Ayers parties argue that because Neugebauer's role as a creditor was not the source of his injury, he falls outside the zone of interests that the automatic stay provision is intended to protect.  This is incorrect.[1]

Under *St. Paul Fire & Marine Insurance Co.*, a creditor can sue to enforce the automatic stay.  579 F.3d at 543.  The parties do not dispute that Neugebauer is a creditor.  By the simple transitive property, he can enforce the automatic stay.  The Ayers parties contest this simple logic by suggesting that the claims that the Ayers parties were pursuing did not affect the rights of the creditors.  As discussed below, at least one of the claims belongs to the estate and therefore has a direct impact on creditors' recovery.

Even had he not been a creditor, Neugebauer falls within the plain language of the statute, which provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees."  11 U.S.C. § 362(k).  Neugebauer expended substantial resources dealing with the willful violation

---

[1] The Ayers parties are wrong regardless of whether, as Neugebauer argues, the zone-of-interests test was abrogated by *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127–28 (2014).  Neugebauer falls within the plain language of the statute and within our court's reading of the statute under the zone-of-interests test.

of the automatic stay, as described below.  "This is a classic pocketbook injury sufficient to give [him] standing." *Tyler v. Hennepin County*, 598 U.S. 631, 636 (2023) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021)).  He can thus recover damages.[2]

B

We turn now to whether the Ayers parties willfully violated the automatic stay.  "[T]o establish an actionable violation of the automatic stay," Neugebauer must show: "(1) that [the Ayers parties] knew of the existence of the stay; (2) that [their] actions were willful; and (3) that [their] actions violated the automatic stay." *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 355 (5th Cir. 2008).

The first two elements are not meaningfully in dispute.  The Ayers parties certainly knew about the automatic stay: they notified the arbitrator of its existence and stopped pursuing their claims against the debtor.  And the Ayers parties do not challenge the willfulness prong—nor could they.  Willfulness does not require specific intent to violate the automatic stay, only knowledge of the stay and intent to take the action that violates the stay. *Id.* (quoting *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005)).  As the actions involved here could not have been inadvertent and occurred after the Ayers parties had knowledge of the automatic stay, the second element is met, as well.

---

[2] The bankruptcy court suggested that, even if Neugebauer did not fall within the group protected by the statute, it could award these damages as sanctions "pursuant to Section 105 of the Bankruptcy Code and [that] Court's inherent contempt powers."  The district court agreed. *See Ayers v. Neugebauer*, No. 3:23-CV-2250-L, 2025 WL 963076, at *6 (N.D. Tex. Mar. 28, 2025).  We do not.  However, because we agree that Neugebauer is "an individual injured" under Section 362(k), the bankruptcy court's inherent powers are not at issue here.

Thus, the loadbearing question is whether the Ayers parties' actions violated the automatic stay. We hold that they do. Their breach-of-fiduciary-duty claim, filed before the bankruptcy began, arose out of duties that "Neugebauer owed [to] Third-Party Claimants, the Company's other shareholders, and the Company itself." Fiduciary-duty claims are property of the estate and, as such, are subject to the automatic stay. *Compare Schertz-Cibolo-Universal City Indep. Sch. Dist. v. Wright (In re Educators Grp. Health Tr.)*, 25 F.3d 1281, 1286 (5th Cir. 1994) (holding that fiduciary-duty claims belonged solely to the bankruptcy estate and not to creditors), *with* 11 U.S.C. § 362(a)(3) (stating that the automatic stay extends to acts "to obtain possession of property of the estate . . . or to exercise control over property of the estate"). Moreover, the Ayers parties implicitly acknowledged that the estate controls their breach-of-fiduciary-duty claim when they agreed to dismiss it in coordination with the estate. Yet they still pursued this claim, among others, after the automatic stay went into effect by attempting to depose Neugebauer in relation to the claim. They therefore acted "to exercise control over property of the estate," which violates the automatic stay. 11 U.S.C. § 362(a)(3).

Because the Ayers parties knew of the automatic stay and willfully violated it, we affirm the bankruptcy court's decision to award damages.

C

The Ayers parties further argue that the district court erred in the amount it awarded in attorneys' fees, contending that even if we do not reverse and vacate the damages award altogether, we should substantially reduce the award of attorneys' fees. We disagree.

Attorney's fees are available under Section 362(k), including fees incurred in enforcing the automatic stay. 11 U.S.C. § 362(k); *Young v. Repine (In re Repine)*, 536 F.3d 512, 522 (5th Cir. 2008). In most cases, courts review

an award of attorneys' fees for abuse of discretion, as the district court did here.  *See Ayers*, 2025 WL 963076, at *5 (N.D. Tex. Mar. 28, 2025) (first citing *Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 584 (5th Cir. 2008); and then citing *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005)) (applying abuse of discretion standard).  However, because the statute here *mandates* an award of attorneys' fees, *see* 11 U.S.C. § 362(k) ("[A]n individual injured by any willful violation of a stay provided by this section *shall* recover actual damages, including costs and attorneys' fees." (emphasis added)), the district court erred in applying abuse-of-discretion review.  We must instead review the bankruptcy court's award for clear error. *See In re Repine*, 536 F.3d at 520, 522; *McMaster v. Small (In re Small)*, 486 F. App'x 436, 440 (5th Cir. 2012).

The Ayers parties levied most of their current complaints in the bankruptcy court.  *Ayers*, 2025 WL 963076, at *4–5.  These complaints include unrelated work listed on the bills, the emergency nature of the work, duplicative staffing, and the possibility that the costs would have been incurred regardless.  The bankruptcy court clearly took them into account in determining the final amount of the award, reviewing the billing "line-by-line" and discounting the requested award by eliminating line items that reflected unrelated tasks and by halving the amount on account of duplicative staffing. *Id.* at *5.  The Ayers parties have not pointed to anything suggesting that the bankruptcy court clearly erred in its incorporation of their suggestions, beyond their continued dissatisfaction with the fee award.  Simply reiterating what they view as problems with Neugebauer's attorneys' billing practices does not provide a sufficient basis on which to reverse the bankruptcy and district courts.

The Ayers parties add one further argument as to why the attorneys' fees were too high: that fees associated with Neugebauer's state-court lawsuit

No. 25-10572

should not have been incorporated into the award.[3]    Neugebauer's state-court lawsuit attempted to stay the arbitration that the Ayers parties had pursued in violation of the automatic stay. And Neugebauer would not have needed to pursue a state-law stay had the Ayers parties abided by the automatic stay. The bankruptcy court therefore did not clearly err in awarding attorneys' fees from the state-court lawsuit as part of the "actual damages" associated with the Ayers parties' violation of the automatic stay. *See* 11 U.S.C. § 362(k).

\* \* \*

Because the Bankruptcy Code entitles Neugebauer to damages caused by a willful violation of the automatic stay, because the Ayers parties willfully violated the automatic stay, and because the bankruptcy court did not clearly err in its calculation of the damages award, we AFFIRM.

---

[3] The Ayers parties did raise this argument in the district court, but the district court did not address it specifically. *See Ayers*, 2025 WL 963076, at \*4–5. ("Third, Appellants contend that any fees related to the state court lawsuit filed by Appellee 'should be recoverable because that lawsuit involved Neugebauer's application to stay the JAMS arbitration.'"). At no point have the Ayers parties suggested a specific amount by which the award should be reduced for this allegedly improper inclusion.